# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

KATHLEEN JONES,

                          Plaintiff,

                    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security

                          Defendant.

CORRECTED
DECISION and ORDER

08-CV-6433 CJS

---

**APPEARANCES**

For Plaintiff:                    Louise M. Tarantino, Esq.
                                    Empire Justice Center
                                    One West Main Street Suite 200
                                    Rochester, NY 14614
                                    (585) 295-5727

For the Commissioner:        John J. Field, A.U.S.A
                                    U.S. Attorney's Office
                                    100 State Street Room 620
                                    Rochester, NY 14614
                                    (585) 263-6760

## INTRODUCTION

Plaintiff Kathleen Jones ("Jones"), brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.*) claiming that the Commissioner of Social Security improperly denied her application for disability and supplemental income security benefits for the period from April 2005 to April 2008. Specifically, Jones alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by substantial evidence contained in the record, or was contrary to law.

The Commissioner moves for remand for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). Plaintiff opposes a remand for a new hearing. Because the Court determines that the findings of the Commissioner are not

supported by substantial evidence contained in the record, and that the record unequivocally shows that Jones was disabled as of April 28, 2005, the Commissioner's motion for remand for further administrative proceedings is denied, and Jones' cross-motion for judgment on the pleadings and a remand only to calculate benefits is granted.

## PROCEDURAL BACKGROUND

On June 24, 2005, at age 59, Jones filed for disability insurance benefits and supplemental security income benefits. Jones alleged that her disability began on April 28, 2005. She claims she is unable to work as a result of back pain, depression, arthritis and a thyroid problem. Jones' application was initially denied on September 16, 2005, she requested a hearing before an ALJ, which took place on June 7, 2007. Plaintiff was represented at the hearing by Ellen Rita Heidrick, Esq.[1]

In a decision dated August 25, 2007, ALJ Elizabeth Koennecke found that although Jones suffered from severe impairments, she was nonetheless capable of performing her past relevant work as a seamstress. Jones' appeal of the ALJ's decision to the Social Security Appeals Council was denied on August 1, 2008, and on September 22, 2008, she commenced this action.

## STANDARDS OF LAW

*Jurisdiction and Scope of Review*

Section 405(g) of Title 42 U.S. Code, grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v NLRB*, 305

---

[1] Here on appeal, Jones is represented by Catherine M. Callery, Esq.

U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. *See, Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case *de novo*). The court is also authorized to review the legal standards employed by the Commissioner in evaluating a plaintiff's claim. The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lynn v. Schweiker*, 565 F. Supp 265, 267 (S.D. Tex. 1983) (citation omitted).

*Five-step sequential analysis*

For purposes of the Social Security Act, disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Schaal*, 134 F.3d at 501.

> The SSA has promulgated administrative regulations for determining when a claimant meets this definition. First, the SSA considers whether the claimant is currently engaged in substantial gainful employment. If not, then the SSA considers whether the claimant has a "severe impairment" that significantly limits the "ability to do basic work activities. If the claimant does suffer such an impairment, then the SSA determines whether this impairment is one of those listed in Appendix 1 of the regulations. If the claimant's impairment is one of those listed, the SSA will presume the claimant to be disabled. If the impairment is not so listed, then the SSA must determine whether the claimant possesses the "residual functional capacity" to perform his or her past relevant work. Finally, if the claimant is unable to perform his or her past relevant work, then the burden shifts to the SSA to prove that the claimant is capable of performing "any other work."

*Schaal*, 134 F.3d at 501 (citations omitted).

The Commissioner asserts that the case should be remanded and that remand is authorized under § 405(g) "in cases which the Commissioner had failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations." (Comm.'s Mem. of Law at 2.).

The ALJ determined that although Jones suffers from an affective disorder and degenerative disease of the cervical and lumbar spine, those conditions do not rise to a

level of severity that would warrant a finding of disability. Jones objects to the ALJ's findings on grounds that the ALJ improperly discounted the opinions of family nurse practitioner Kimberly O'Dell ("Nurse O'Dell"), failed to give controlling weight to the opinion of Dr. Sampath Neerukonda ("Dr. Neerukonda"), her treating primary care psychiatrist, and failed to apply the Medical-Vocational Guidelines ("Grid rules").

## DISCUSSION

### *The ALJ's physical residual functional capacity determination is not supported by substantial evidence*

The Court finds that the ALJ's determination that Jones had the physical residual functional capacity ("RFC") to perform her past relevant work at the light exertional level is not supported by substantial evidence in the record. The ALJ specifically found that Jones could lift or carry ten pounds occasionally, sit for eight hours in an eight-hour workday, stand for two hours in an eight-hour workday, walk for two hours in an eight-hour workday, continuously use her hands and feet, and occasionally engage in postural activities. (Record at 22.) These physical RFC findings are supported in the record by substantial evidence. (Record at 126, 129, 205–09.)

However, the ALJ's conclusion that Jones could perform her former work, classified as "light" in physical exertion, is inconsistent with her physical RFC findings. *See* SSR 00-4p ("Occupational evidence provided by a V[ocational] E[xpert] or V[ocational] S[pecialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.").

The ALJ, without the benefit of any vocational expert guidance, determined that, although Jones' past relevant work as a seamstress was classified as "light," her testimony supported a finding that "as performed," Jones could return to that work. The ALJ also

determined that Jones could perform her past relevant work in a daycare facility, since, "her ability to lift is probably greater than found." (Record at 26.) These findings are inconsistent with the ALJ's findings with respect to Jones' physical residual exertional limitations, and the ALJ has not sufficiently reconciled the difference. Further, on page ten of her decision, the ALJ wrote, "The claimant retains the ability to perform the basic mental demands of competative, remunerative, *unskilled* work…." (Record at 22 (emphasis added).) Since Plaintiff's past relevant work as a seamstress was semi-skilled (Record at 26; DOT # 786.682-110 flatlock sewing machine operator, SVP: 3; SSR 00-4p ("semi-skilled work corresponds to an SVP of 3-4"), the ALJ's determination categorically eliminates a return to that position. Accordingly, the ALJ's fourth-step determination is not supported by substantial evidence in the Record or her own findings.

***Application of the Grid rules and remand***

Jones also contends that the ALJ failed to properly apply the Grid rules and, had she done so, she would have determined that Jones was disabled under Grid rule 201.06, "which directs a finding of disabled." (Pl.'s Mem. of Law at 25; Appx. 2 to Subpart P of Part 404 of 20 C.F.R.) Though the Commissioner does not directly address application of the Grid rules, he relies on *Butts v. Barnhart*, 416 F.3d 101, 103–05 (2d Cir. 2005), to support his argument that remand for further administrative proceedings is necessary.

In *Butts*, the Commissioner petitioned the Second Circuit panel for a rehearing because the panel had ordered that the case be remanded for calculation of benefits if no rehearing was held by the Commissioner within a sixty-day time limit. The Commissioner relied on an earlier holding, *Bush v. Shalala*, 94 F.3d 40 (2d Cir. 1996), in which the Court of Appeals reversed a district court decision to remand a case for calculation of benefits. The panel in *Butts* distinguished *Bush* by stating that *Butts* had already proceeded past the fourth step of the sequential analysis, whereas the claimant in *Bush* had never been found

disabled, so, in that case, despite a ten-year delay, the district court did not have a basis for ordering a remand for calculation of benefits.

In the present case, the Commissioner argues, as did Commissioner Barnhart in *Butts*, that "remand for calculation of benefits would not be appropriate since [Jones] had not carried her burden of proof at the fourth step of the sequential evaluation…." (Comm. Mem. of Law at 12.) As the Court of Appeals noted in its *Butts* decision:

> Butts' case is quite different. Here, we are reviewing an ALJ's decision at step five, rather than step four, of the five-step inquiry. At step five, the disability has been shown, and "the burden … shifts to the [Commissioner] to prove … that the claimant is capable of working." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000). Further, we are reviewing a decision in which the existence of appropriate work for the particular claimant in the national economy cannot be determined solely from the "grids," but must, if the claimant is to be denied benefits, be shown by the testimony of a vocational expert. 388 F.3d at 383-84. The burden of producing such testimony rests on the Commissioner. *Id*. To be sure, our original opinion in this case noted that the evidence was "sufficient to support a finding that Butts could perform sedentary and perhaps some light work," *Butts*, 388 F.3d at 386, but all we meant was that the medical evidence would have been sufficient to support a finding that Butts was not disabled, but only if the Commissioner had met her burden of presenting a vocational expert to testify that a person with Butts' attributes and qualifications could find sedentary or some light work. Therefore, the opinion could also have said—and we now do so say—that the evidence at the fifth stage would compel a finding that Butts was disabled absent the Commissioner's meeting her burden of making a contrary showing.

*Butts*, 416 F.3d at 103—04. As the court in *Vicari v. Astrue*, No. 1:05-cv-4967-ENV-WP, 2009 U.S. Dist. LEXIS 9670 (E.D.N.Y. Feb. 10, 2009), noted,

> plaintiff has not yet progressed beyond the fourth prong of the disability analysis and thus has not yet proved that he is, in fact, disabled. Absent such a showing, the imposition of a time limit would "ru[n] afoul of the Appropriations Clause [and] the doctrine of sovereign immunity" and cannot be granted.

*Vicari*, 2009 U.S. Dist. LEXIS 9670, at *21.

The issue here, however, is different. Jones is not asking for the imposition of a time limit, but only asking the Court to apply well-settled case law with regard to remanding a case for calculation of benefits, citing *Rosa v. Callahan*, 168 F.3d 72 (2d Cir. 1999) and *Balsamo v. Chater*, 142 F.3d 75 (2d Cir. 1998) in support of her position. In this case, the

record appears to be fully developed, and the Commissioner is not asking for a remand to gather further evidence.

The ALJ's findings up through step four would support, at best, a determination that Jones maintains the physical RFC to perform no more than sedentary work. (Record at 22.) Applying Grid rule 201.06 across the row, the record contains substantial evidence to show that Jones is of advanced age (55 and over), has a high school degree (Record at 71, 423), but no education that would permit direct entry into skilled work, and has semi-skilled previous work experience. Jones argues that those skills are not transferable to work at the sedentary physical RFC. According to Grid rule 201.00(d),

> The adversity of functional restrictions to sedentary work at advanced age (55 and over) for individuals with no relevant past work or who can no longer perform vocationally relevant past work and have no transferable skills, warrants a finding of disabled in the absence of the rare situation where the individual has recently completed education which provides a basis for direct entry into skilled sedentary work. Advanced age and a history of unskilled work or no work experience would ordinarily offset any vocational advantages that might accrue by reason of any remote past education, whether it is more or less than limited education.

§ 201.00(d), Appx. 2 to Subpart P of Part 404 of 20 C.F.R. She, therefore, contends that per Grid rule 201.06, she is disabled. The Commissioner, however, argues that "it does not appear that [Jones] was limited to sedentary work … and she would be <u>not</u> disabled under [Grid] [r]ule 201.07…." (Comm.'s Mem. of Law at 13.) Grid rule 201.07 relies on any skilled or semi-skilled past work skills be transferrable. "In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." § 201.00(f), Appx. 2 to Subpart P of Part 404 of 20 C.F.R.

Of course, the ALJ's determination forecloses any transfer of her skills as a sewing machine operator. (Record at 22.) If the Court were to grant the Commissioner's application to remand the case for a further hearing, unless the Commissioner introduced additional evidence, the record would support only a finding that Jones is capable of, at

most, sedentary unskilled work. Interestingly, SSR 82-41, which addresses work skills and their transferability, states, in pertinent part:

> At the lower level of semiskilled work (next to unskilled) are jobs like those of a chauffeur and *some sewing-machine operators*. Also at the lower level of semiskilled work would be such jobs as room service waiter, in which the worker serves meals to guests in their rooms, taking silverware, linen, plates and food on a tray or cart and then removing the equipment from rooms after guests have eaten. Transferability of skills is not usually found from this rather simple type of work. When job activities are at this minimal level of skill, an adjudicator or administrative law judge (ALJ) can often, without assistance, make the determination that the worker has very little vocational advantage over an unskilled person and does not have transferable skills.
>
> Slightly more complex, at a higher level of semiskilled work, are jobs like that of a nurse aide, who may also serve food to people. A nurse aide ordinarily performs other tasks which do not provide a special advantage over unskilled workers, such as dusting and cleaning rooms, changing bed linens, and bathing, dressing and undressing patients. The only duties which suggest transferable skills are those related to "nurse" rather than "aide" -- taking and recording the rates of temperature, pulse and respiration; and recording food and liquid intake and output. However, these occasional or incidental parts of the overall nurse aide job, which are a small part of a higher skilled job (nurse), would not ordinarily give a meaningful vocational advantage over unskilled. The extent of such duties, however, may vary with individual nurse aides.
>
> On the other hand, a semiskilled general office clerk (administrative clerk), doing light work, ordinarily is equally proficient in, and spends considerable time doing, typing, filing, tabulating and posting data in record books, preparing invoices and statements, operating adding and calculating machines, etc. These clerical skills may be readily transferable to such semiskilled sedentary occupations as typist, clerk-typist and insurance auditing control clerk.

SSR 82-41(2)(d). The Commissioner implies that it is possible Jones' other jobs might contain transferrable skills:

> In addition to her work as a seamstress and daycare worker, plaintiff has years of past work as a store clerk and inspector. Tr. 66-67. On remand, if the case proceeds to the fifth step of the sequential evaluation, it may have to be determined whether plaintiff's past jobs involved transferable skills.

(Comm. Mem. of Law at 14 n. 2.) Considering that Jones has already been determined to be disabled as of May 2008, the ALJ would be examining the question of whether any of Jones' skills would have been transferrable to a sedentary position from the period bounded by April 2005 to April 2008 after already having made a determination that she

had the mental RFC for unskilled work. (*See* Pl.'s Mem. of Law at 30; Record at 22.) Considering the evidence in the record, the Court concludes that it supports a finding of disabled, and grants Jones' application for remand only for calculation of benefits.

**CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's cross-motion (Docket No. 10) for judgment on the pleadings, and denies the Commissioner's motion (Docket No. 8) for remand for further proceedings. This case is remanded to the Commissioner solely for calculation and payment of benefits for the closed period from April 2005 to April 2008. IT IS SO ORDERED.

Dated: November 18, 2009
      Rochester, New York     /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge